Haynes v. Johnson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fifteen.

PRESENT: RALPH K. WINTER
         DENNIS JACOBS,
         PIERRE N. LEVAL,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

**ALICE HAYNES,**

<u>Plaintiff-Appellant</u>,

**-v.-**                                        14-3999

**JOHN JOHNSON,**[*]

<u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**              CAROLYN A. KUBITSCHEK, Lansner &
                               Kubitschek, New York, New York.

---

[*]    The Clerk of Court is directed to amend the official caption as shown above.

1

**FOR APPELLEE:**                    BARBARA D. UNDERWOOD, Solicitor
                                     General, Anisha S. Dasgupta,
                                     Deputy Solicitor General,
                                     Matthew W. Grieco, Assistant
                                     Solicitor General of Counsel (<u>on
                                     the brief</u>), <u>for</u> Eric T.
                                     Schneiderman, Attorney General
                                     of the State of New York, New
                                     York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Alice Haynes[1] appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), granting summary judgment in favor of defendant-appellee John Johnson, the former commissioner of the New York State Office of Children and Family Services ("OCFS"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Ms. Haynes raises a due process challenge to the removal of her grand-niece from Ms. Haynes's foster care. The only claim remaining on this appeal is against John Johnson in his personal capacity under 42 U.S.C. § 1983. The district court granted summary judgment in favor of Mr. Johnson on qualified immunity.[2] We agree.

---

[1] Following Ms. Haynes's death on March 8, 2013, her son, Dirk Haynes, was substituted as plaintiff as the administrator of her estate.

[2] The district court based its decision on the additional ground that Mr. Johnson was not "personally involved" in any of the purported unconstitutional conduct. <u>See</u> <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995). We do not consider the issue of personal involvement because qualified immunity is a sufficient ground for affirmance.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Courts may "avoid reaching difficult questions of constitutional law where there is no question that an objectively reasonable government official would not have known his conduct was in violation of the Constitution, that is, where the right asserted by the plaintiff is not clearly established." Hilton v. Wright, 673 F.3d 120, 126 (2d Cir. 2012). "A right is 'clearly established' when '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Jackler v. Byrne, 658 F.3d 225, 242 (2d Cir. 2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (alterations in original).

1. Haynes contends that the governing regulations were deficient for failure to provide for a pre-removal hearing. However, the United States Supreme Court has upheld New York foster care removal procedures that are substantially similar to those at issue here. See Smith v. Organization of Foster Families for Equality and Reform, 431 U.S. 816 (1977) ("OFFER"). Without resolving the "complex and novel" question whether foster parents have a protected liberty interest, the Court held New York's procedures "are adequate to protect whatever liberty interest" foster parents may have. Id. at 856. It was not unreasonable for Johnson to consider that New York's current procedures violate no clearly established rights.

Ms. Haynes argues that *kinship* foster parents were found to have a protected liberty interest in connection with Connecticut's (different) removal procedures. See Rivera v. Marcus, 696 F.2d 1016 (2nd Cir. 1982). But New York's current procedures differ in critical respects: the foster parent is afforded at least ten day's notice prior to removal, 18 N.Y.C.C.R. § 443.5(a)(1); at a pre-removal conference, the foster parent may appear with counsel, is

3

advised of the reasons for removal, and may rebut, <u>id.</u> at § 443.5(a)(2); a written decision is sent to the foster parent within five days of the conference, <u>id.</u> at § 443.5(c); appeal may be heard in an administrative hearing, and following that, in New York State Court, <u>Id.</u> at 443.5(c); N.Y. Soc. Serv. L. § 22(9).

<u>Rivera</u> emphasized that Connecticut's procedures did not satisfy the kinship foster parent's right to a "pre-removal" hearing.  However, New York regulations differ.  They afford a pre-removal conference, with an opportunity to be assisted by counsel and present reasons why the child should not be removed along with a written decision explaining the state's reasons for removal within five days, prior to a full administrative fair hearing to challenge a removal decision.  It is not unreasonable to consider that the pre-removal conference, coupled with the full administrative fair hearing provided thereafter, satisfies due process, especially given that all the other procedural safeguards imposed by <u>Rivera</u> are present at the fair hearing.  <u>Cf.</u> <u>Signet Const. Corp. v. Borg</u>, 775 F.2d 486, 492 (2d Cir. 1985) (permitting a combination of informal pre-deprivation hearing and formal post-deprivation hearing as consistent with due process in the context of a contractor's right to timely payments for work performed under its contract with a state agency).

It is not clear whether <u>Rivera</u> established a categorical liberty interest for kinship foster parents or whether the liberty interest it found depended on the individual circumstances of the case.  In light of the possibility that <u>Rivera</u> established a case-by-case approach, it is not at all clear that Haynes had the same protected liberty interest as the one that was at issue in <u>Rivera</u>. <u>Rivera</u> emphasized that the foster child and foster parents had lived together as a family for several years *prior* to the foster care agreement and that the natural parents had shown no interest in the child in more than 12 years.  <u>See</u> 696 F.2d at 1024-25 ("*In these circumstances*, we find that Mrs. Rivera possesses an important liberty interest in preserving the integrity and stability of her family."

4

(emphasis added)).  Ms. Haynes did not live together with her grand-niece until after the inception of the foster care agreement, and there is some record evidence to suggest that the birth mother was "diligently planning" for the prospect that her daughter would be returned to her.

2. Haynes contends that due process is violated by not automatically returning children to foster parents once a removal has been found erroneous, or by OCFS's failing to conduct a second hearing on the issue of return.  No court has ever held that such automatic return, or a second hearing, is required to satisfy due process, and <u>Rivera</u> itself does not contemplate automatic return as the remedy after a finding that removal was inappropriate.  <u>See</u> 696 F.2d at 1025 n.12 ("The years which have passed since the Ross children were removed from the Rivera home will militate against their removal from the home of the present foster parents at any future hearing.").  The standard for return is always the "best interests" of the child, not a finding of erroneous removal.  <u>See</u> <u>Matter of Bennett v. Jeffreys</u>, 356 N.E.2d 277, 281 (N.Y. 1976) ("[W]hen there is a conflict, the best interest of the child has always been regarded as superior to the right of parental custody").  Accordingly, it cannot be said that the failure to return, or the failure of OCFS to hold a second hearing, violated a clearly established right, let alone that it was violated by Johnson.

3. Haynes also challenges the delay in affording her a hearing.  We have held *as to natural parents* that parents must have an opportunity to be heard "at a reasonably prompt time after the removal," <u>Gottlieb v. Cnty. of Orange</u>, 84 F.3d 511, 520 (2d Cir. 1996), but we have never specified how quickly hearings must be held when children are removed from their foster parents.

We do not decide whether any of Ms. Haynes's constitutional rights were violated because Johnson would not have reasonably understood that what he was doing violated any clearly established due process rights.  For the foregoing reasons, Mr. Johnson was entitled to qualified

5

immunity, and finding no merit in Ms. Haynes's other arguments, we hereby **AFFIRM** the judgment of the district court.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK